| | | |
|---|---|---|
| **KEISHA HENRY AND CEDRIC BRUMFIELD, III** | * | **NO. 2023-CA-0543** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | * | **FOURTH CIRCUIT** |
| **RICHARD BELL, SR. AND DARREN LOMBARD IN HIS CAPACITY AS CLERK OF CRIMINAL COURT** | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

* * * * * * *

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent for the reasons assigned by Judges Ledet, Jenkins, and Belsome and further note that in *Irvin v. Brown*, 17-0614 (La. App. 4 Cir. 7/28/17), --- So.3d ----, 2017 WL 3205858, there was no documentary proof presented to the district court. Here, the candidate submitted documentation in support of his claim that he was not required to file returns, which the district court reviewed. *Irving* does not address the issue as to whether the documentary evidence submitted to the court was sufficient to establish a *prima facie* case. The majority erred in the broad application of the *Irving* case as a bright line burden-shifting rule, especially in light of *Nocito v. Bussey*, 20-0986 (La. 8/15/20), 300 So.3d 862, which provided:

> The plaintiff here offered into evidence only [the candidate's] stipulation that he did not file a tax return in 2019 to establish her *prima facie* case. That evidence, with nothing more, was insufficient to establish a *prima facie* case that [the candidate] falsely certified on his Notice of Candidacy that "for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax returns, or both, or was not required to file either a federal or state income tax return, or both."

*Id.*, 20-0986, p. 3, 300 So.3d at 863.

For these reasons, I cannot conclude the district court was manifestly erroneous, and I respectfully dissent.